# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No.  08-374 |
| | ) | Civil No. 18-493 |
| ALONZO LAMAR JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Defendant Alonzo Lamar Johnson ("Johnson") filed a pro se § 2255 motion (ECF No. 1163) with a brief in support (ECF No. 1164).  Johnson filed a supplement to his § 2255 motion on July 17, 2018.  (ECF No. 1181).  The government filed responses in opposition to the motion and supplement. (ECF Nos. 1190, 1193).  Johnson filed reply briefs.  (ECF Nos. 1194, 1203).  The government filed a response in rebuttal.  (ECF No. 1205).  The § 2255 motion is now ripe for disposition.  Also addressed in this memorandum opinion are:  (1) Johnson's "supplemental attachment" seeking dismissal of his case (ECF No. 1181); (2) Johnson's "objection motion" to the government's extension of time (ECF No. 1185); (3) Johnson's motion to access his presentence investigation report ("PSI") (ECF No. 1209); and (4) Johnson's request of clerk to revise his PSI (ECF No. 1218), which the court construes as a motion to recalculate his criminal history, and a supplement thereto (ECF No. 1228).   The government filed responses to these filings (ECF Nos. 1190, 1192, 1212, 1221, 1229); Johnson filed replies  (ECF Nos. 1194, 1199); and they are ripe for decision.  On January 4, 2019, Johnson filed a motion for appointment of counsel (ECF No. 1230).  Because his motions are fully briefed and ripe for decision, that motion will be denied as moot.

I.  Procedural Background

On April 17, 2012, Johnson and his co-defendant Jerome Kelly ("Kelly") were convicted by a jury of conspiracy to distribute cocaine.  On July 30, 2013, Johnson was sentenced to a term of imprisonment of 300 months.  Johnson filed a direct appeal.  The court of appeals affirmed Johnson's conviction and sentence.  (ECF Nos. 1103, 1112).  On April 17, 2017, the United States Supreme Court denied certiorari.  His § 2255 motion was filed on April 17, 2018.

II.  Legal Analysis

A.  Motions to Dismiss Johnson's Case

In his motions at ECF Numbers 1181 and 1185, Johnson asks the court to dismiss his case as a sanction for the government's failure to comply with the briefing schedule.  The briefing of the § 2255 motion was unduly prolonged and litigious, with numerous disputes about the schedule, problems receiving prison mail, and requests for extensions of time by both sides.  On January 30, 2018, the court denied as moot Johnson's request for docket information because the government represented that it sent the information to him.  Johnson filed a notice of appeal. The court of appeals affirmed this court's decision and returned the mandate on September 6, 2018. (ECF Nos. 1180, 1202).  The § 2255 motion is now fully briefed and ripe for disposition.

The court cannot enter default judgment against the government in this case.  As explained in *Norwood v. United States*, No. CV 15-2996, 2015 WL 5822874 (D.N.J. Sept. 30, 2015), if the court entered a default judgment without reaching the merits of the § 2255 motion, "it would not be the defaulting party but the public at large that would be made to suffer by bearing either the risk of releasing prisoners that in all likelihood were duly convicted, or the costly process of retrying them." *Id.* at *3 (citing *United States v. Dill*, 555 F.Supp.2d 514, 521 (E.D. Pa. 2008));

*see United States v. Greenslade*, No. 04–405–05, 2009 WL 1507290, at \*2 (M.D. Pa. May 28, 2009) ("default judgments are not appropriate in § 2255 motions"). Johnson's "supplemental attachment" seeking dismissal of his case (ECF No. 1181) and "objection motion" to the government's extension of time (ECF No. 1185) must therefore be DENIED. The court will resolve the § 2255 motion on its substantive merits.

B.  Motion to Access His PSI

Johnson asks that a copy of his revised PSI be sent to his institution. He appears to recognize that he is not permitted to possess the PSI because he notes that his "unit team" will keep it. Johnson requests that the document be opened by prison officials in his presence. The government does not oppose Johnson's request to examine his PSI. The government notes, however, that Johnson must comply with any restrictions imposed by the court, probation office and bureau of prisons ("BOP"). In particular, the government argues that the procedures for opening mail are committed to the discretion of the BOP. 28 C.F.R. §§ 540.10-540.25 (governing inmate correspondence).

The court takes judicial notice of BOP Program Statement 1351.05 (April 2, 2015) at 16-17, *available at* https://www.bop.gov/policy/progstat/1351_005_CN-1.pdf, last visited December 17, 2018. That statement provides that although inmates are prohibited from possessing photocopies of PSIs, they must be provided reasonable opportunities to review their own PSI. *Id.* To facilitate access, prison staff should maintain the PSI in the disclosable portion of the inmate's central file unless significant safety and security concerns dictate otherwise. *Id.* The government shall provide a copy of Johnson's PSI to the BOP facility at which Johnson is

currently located forthwith.  It will be Johnson's responsibility to request an opportunity to review the PSI in compliance with all applicable BOP regulations.

In accordance with the foregoing, Johnson's motion to access his PSI (ECF No. 1209) will be GRANTED IN PART and DENIED IN PART.


C.  Motion to Recalculate PSI (ECF No. 1218)

Johnson seeks recalculation of his criminal history in his original PSI to remove prior felony convictions that he believes are now unconstitutional.  He explains in his supplement (ECF No. 1128) that he wants his BOP custody classification to be lowered so that he may be placed in a lower security institution closer to his home and family.  Specifically, with respect to his state conviction at Allegheny County, Pennsylvania Court of Common Pleas, CC No. 199113159, Johnson recognizes that he was sentenced to 6-23 months of imprisonment, but contends that he did not "serve" more than a year in prison because he went to a halfway house and was early paroled.  Johnson contends that because more than 15 years elapsed, he should not have received any criminal history points for that conviction.  In addition, Johnson argues that using his prior Pennsylvania felony drug convictions as predicate offenses for career offender status is now unconstitutional under *United States v. Glass*, 904 F.3d 319 (3d Cir. 2018), and *United States v. Mathis*, 136 S. Ct. 2243 (2016).

The government raises numerous procedural and substantive objections to the motion.  The government characterizes the motion as an untimely collateral attack on his sentence, or alternatively, a second or subsequent §2255 motion filed without appellate court approval.  The government also notes that these arguments were not raised in Johnson's direct appeal and are thus defaulted.

In addition, the government argues that Johnson did not show prejudice because he has 13 felony convictions. The government points out that Johnson was in criminal history category VI based upon both his 15 criminal history points and the career offender provisions. (PSI ¶ 37). The government notes that Johnson had <u>three</u> qualifying prior felony drug convictions (only two predicate convictions are required by the career offender guideline), so he was properly classified as a career offender even without the conviction at CC No. 199113159. (PSI ¶ 19). The government also challenges Johnson's substantive legal arguments.

The government is correct that Johnson's motion must be construed as a § 2255 motion. In *United States v. Jones*, 833 F.3d 341, 343-44 (3d Cir. 2016) (rejecting a similar retroactive challenge to career offender status raised in a supervised release revocation proceeding), the court held that career offender status "may be challenged only on direct appeal or through a habeas corpus proceeding." In this case, because he did not raise this issue in his direct appeal or his original § 2255 motion, this issue must be viewed as either an untimely amendment to the § 2255 motion (filed beyond the one-year time limit) or as a second or subsequent § 2255 motion for which he failed to obtain certification from the court of appeals. 28 U.S.C. §§ 2255 (f), (h).

Even if the court reached the merits, Johnson would not prevail. Pursuant to United States Sentencing Guideline ("U.S.S.G.") § 4A1.2 note 2, in the case of an indeterminate sentence, criminal history points are based on the maximum length of the sentence pronounced, not the length of time actually served. Johnson was "imprisoned for 6 to 23 months, effective May 17, 1994" for the offense at CC No. 199113159. (PSI ¶ 24, ECF No. 864). A sentence of imprisonment that stipulates alternate housing is treated as a sentence of imprisonment. *United States v. Jones*, 557 F. Supp. 2d 630, 643 (E.D. Pa. 2008), *aff'd*, 332 F. App'x 801 (3d Cir. 2009).

It does not matter, therefore, that Johnson's state sentence provided for alternative housing at the Renewal Center.

Pursuant to U.S.S.G. §§ 4A1.2(e)(1) and (k)(2), the 15-year time limit is measured from the date of last release from incarceration for the predicate offense to defendant's commencement of the instant offense. Johnson's last date of incarceration at CC No. 199113159 was July 15, 1994, when he was paroled. (PSI ¶ 24, ECF No. 864). Johnson's involvement in the drug conspiracy in this case (Crim. No. 08-374) began in 2007 and continued through 2008. (PSI ¶ 7, ECF No. 864). Based on these facts, the conviction at CC No. 199113159 clearly involved a sentence beyond one year and one month that fell within the applicable 15-year time period. It was properly counted.

Johnson's three prior Pennsylvania convictions for possession with intent to distribute cocaine (PSI ¶¶ 24, 28, 35, ECF No. 864), remain predicate offenses for career offender status. The Third Circuit Court of Appeals rejected Johnson's legal argument in *Glass*, 904 F.3d at 324 ("because § 780-113(a)(30) [i.e., cocaine offenses] does not sweep more broadly than § 4B1.2, it is a "controlled substance offense" and may serve as a predicate offense to a career-offender enhancement under § 4B1.1").

For all these reasons, Johnson's motion to recalculate his PSI (ECF No. 1218) will be DENIED.

D. § 2255 Motion

The court turns now to the merits of Johnson's §2255 motion.

1. <u>Standard of Review</u>

Under 28 U.S.C. § 2255, a federal prisoner in custody may move the court which imposed the sentence to vacate, set aside, or correct the sentence upon the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. The Supreme Court reads § 2255 as stating four grounds upon which relief can be granted:

> (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence "is otherwise subject to collateral attack."

CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 625 (4th ed. 2011) (quoting *Hill v. United States*, 368 U.S. 424, 426-27 (1962)). The statute provides as a remedy for a sentence imposed in violation of law that "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255.

"As a collateral challenge, a motion pursuant to [§ 2255] is reviewed much less favorably than a direct appeal of the sentence." *United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014) (citing *United States v. Frady*, 456 U.S. 152, 167–68 (1982)). "Indeed, relief under § 2255 is available only when 'the claimed error of law was a fundamental defect [that] inherently results in a complete miscarriage of justice, and... present[s] exceptional circumstances where the need for the remedy afforded by the writ...is apparent.'" *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974) (internal quotation marks omitted)).

A district court is required to hold an evidentiary hearing on a § 2255 motion if "the files

and records of the case are inconclusive as to whether the movant is entitled to relief." *United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005). "[T]he court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *Id.* at 545. The court concludes that an evidentiary hearing is not necessary in this case because, as described below, based upon the file and records in this case Johnson is not entitled to relief.

2. Johnson's Contentions

It is difficult to decipher, from Johnson's lengthy and rambling submissions, what claims he is asserting in his § 2255 motion. The court attempted to construe them as fairly as possible. Johnson's original § 2255 motion was 12 pages long and his brief in support was 51 pages long. The motion asserted 4 "grounds" for relief: (1) ineffective assistance of trial and appellate counsel; (2) prosecutorial misconduct; (3) unconstitutional statute/sentencing pursuant to § 851 notice and designation as a career offender; and (4) Eighth Amendment violations arising from the government's alleged failure to turn over wiretaps and other evidence. Johnson's brief advanced 8 "arguments": (1) ineffective assistance of counsel in failing to move to dismiss the indictment pretrial for lack of jurisdiction and other defects; (2) ineffective assistance of counsel in failing to challenge the extension of the grand jury; (3) denial of due process to challenge the § 851 notice of prior convictions and his designation as a career offender; (4) actual innocence of being a career offender in light of *Mathis*, 136 S. Ct. at 2243; (5) failure to comply with the law regarding probable cause, summons and notice procedure; (6) ineffective assistance of counsel in failing to move to suppress the wiretap evidence; (7) ineffective assistance of counsel in failing to challenge the credibility of a witness, Anthony Hoots ("Hoots"); and (8) ineffective assistance of counsel in failing to contest the drug quantity. Although not listed as separate arguments,

Johnson's brief contained numerous additional headings that could be construed as additional claims, including alleged perjury by a government witness; ineffective assistance of counsel in failing to suppress the arrest warrant; prosecutorial misconduct in opening and closing statements and using eight kilos of cocaine confiscated in Ohio against Johnson; ineffective assistance of counsel in failing to object to the prosecutor's reference in closing argument to hundreds and hundreds of drug transactions; ineffective assistance of counsel in failing to advise Johnson about binding plea agreements; ineffective assistance of counsel in connection with the forfeiture of $374,000; and ineffective assistance of counsel in failing to call Eric Alford ("Alford") as a witness. There are a multitude of conclusory additional allegations of ineffective assistance of counsel and violations of constitutional rights sprinkled throughout the brief. The government identified 23 issues in Johnson's initial filings.

In his reply brief, Johnson clarified that he was raising claims of ineffective assistance of counsel. (ECF No. 1203). For example, instead of directly challenging the admission of 8 kilograms of cocaine at his trial, Johnson is arguing that his attorney was ineffective for failing to object to that evidence. (ECF No. 1203 at 2). In the reply brief, Johnson explained that counsel was ineffective for failing to: (1) challenge the indictment or the court's jurisdiction; (2) object to the extension of the grand jury; (3) object to the enhanced mandatory minimum sentence imposed under 21 U.S.C. § 841; (4) object to the drug quantity; and (5) object to prosecutorial misconduct during the closing argument and in presenting perjured testimony by Hoots. Johnson also includes a lengthy section in his reply brief on "credibility."

### 3. Untimeliness

On April 17, 2018, Johnson filed his original § 2255 motion and supporting brief. The government concedes the original motion is timely and that it is not a second or subsequent petition.[1] The government contends that any new arguments raised in Johnson's reply brief filed on September 13, 2018 (ECF No. 1203), well beyond the one-year limitations period, must be denied because they were untimely filed. As recently explained in *United States v. Waller*, No. CR 14-40, 2018 WL 3459769, (W.D. Pa. July 18, 2018):

> A petitioner who has filed a timely § 2255 motion may not amend it to raise new claims after expiration of the one-year limitation period. *See United States v. Duffus*, 174 F.3d 333, 336-37 (3d Cir. 1999). However, the "relation back" principle of Federal Rule of Civil Procedure 15 applies to § 2255 motions, and "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." *Mayle v. Felix*, 545 U.S. 644, 664 (2005). This means that a new claim only may be raised in an untimely amended motion if it "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." *Hodge v. United States*, 554 F.3d 372, 377 (3d Cir. 2009) (quoting Fed. R. Civ. P. 15(c)(1)(B) ). However, relation back of a new, untimely § 2255 claim is impermissible if it is "supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 378 (quoting *Mayle*, 545 U.S. at 650).

*Id.* at *4. Courts must consider whether a new, otherwise untimely, claim is tied to a common core of operative facts with the timely claim. *Hodge*, 554 F.3d at 378. The court accepts Johnson's explanation that the reply brief is based on the same common core of operative facts and clarifies the arguments he made in his timely initial filing. The court will not address any new claims raised in Johnson's reply brief, but will consider the reply brief in clarifying the ineffective assistance of counsel claims raised in his original, timely § 2255 motion.

---

[1] Johnson filed a § 2255 motion on February 5, 2015, but it was denied without prejudice as premature.

4. Scope of § 2255 Review

Johnson asks the court to "review this case in it's totality." (ECF No. 1203 at 13). The government contends that many of Johnson's arguments are procedurally defaulted, either because he failed to raise those issues at the appropriate time, or alternatively, because he already raised those issues in his unsuccessful direct appeal.

The court must reject Johnson's broad invitation to "review this case in it's totality." Section 2255 reviews are not intended to revisit the underlying conviction in its entirety; rather, it is Johnson's burden to articulate a specific and substantial alleged violation of his rights. *Frady*, 456 U.S. at 170 (it is defendant's burden to show errors that caused actual and substantial disadvantage, infecting trial with error of constitutional dimension).

An issue that could have been raised on direct appeal, but was not, is subject to procedural default. *United States v. Sokolow*, 1999 WL 167677 (E.D. Pa. Mar. 23, 1999) (citing *Frady*, 456 U.S. at 162-67). Procedurally defaulted claims are waived unless a habeas petitioner demonstrates either (1) cause for the procedural default and actual prejudice, or (2) that he is actually innocent.[2] *Parkin v. United States*, 565 F. App'x 149, 151 (3d Cir. 2014). In addition, this court cannot reconsider arguments that <u>were</u> raised and rejected by the court of appeals in Johnson's direct appeal. *United States v. DeRewal*, 10 F.3d 100, 105 n.4 (3d Cir. 1993) ("many cases" have held that § 2255 may not be used to relitigate questions which were raised and considered on direct appeal).

Johnson raised numerous issues in his direct appeal: (1) the evidence was insufficient to support conviction of the charged conspiracy involving five kilograms or more of cocaine and fifty grams or more of cocaine base; (2) the court erred by admitting lay testimony by the case agent about the content of a call and expert testimony regarding slang and code words; (3) the

---

[2] As explained below, the court will consider Johnson's claims of ineffective assistance of counsel. *See infra* at 12.

prosecutor committed misconduct in his closing argument; (4) his sentence was substantively and procedurally unreasonable, and his sentence was enhanced by a prior conviction that was not presented to the jury; and (5) the court erred by denying the motion to suppress the wiretap evidence. The court of appeals rejected these contentions and affirmed Johnson's conviction and sentence. To the extent Johnson is again raising those issues in his § 2255 motion, this court will not address them.

### 5.  Ineffective Assistance of Counsel Claims

As noted above, the court accepts the clarification in Johnson's reply brief that his § 2255 motion is asserting claims for ineffective assistance of counsel (ECF No. 1203). Johnson's claims of ineffective assistance of counsel are not procedurally defaulted. *Massaro v. United States*, 538 U.S. 500, 504 (2003). His § 2255 motion is the proper forum to raise those claims. The court, therefore, will consider whether Johnson's attorneys were constitutionally ineffective in failing to: (1) challenge the indictment or the court's jurisdiction; (2) object to the extension of the grand jury; (3) object to the enhanced mandatory minimum sentence imposed under 21 U.S.C. § 841; (4) object to the drug quantity; and (5) object to prosecutorial misconduct.

To support a claim that counsel's assistance was so defective as to amount to a deprivation of one's Sixth Amendment right to effective assistance of counsel and require reversal of a conviction, a defendant must show two things: (1) counsel's performance was deficient; and (2) counsel's deficient performance caused him prejudice. *Williams v. Taylor*, 529 U.S. 362, 390-91 (2000) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *see Ross v. Dist. Att'y of the Cnty. of Allegheny*, 672 F.3d 198, 210 (3d Cir. 2012). To show deficient performance, defendant must show that counsel made errors so serious that counsel was not

functioning as the counsel guaranteed the defendant by the Sixth Amendment. *Id.* at 210.

"With respect to prejudice, a challenger must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome." *Harrington*, 562 U.S. at 104. It is not enough to show that counsel's errors had "some conceivable effect on the outcome of the proceeding." *Id.* (citing *Strickland*, 466 U.S. at 693). If a court determines that defendant did not suffer prejudice, it need not determine whether counsel's performance was deficient. *Marshall v. Hendricks*, 307 F.3d 36, 87 (3d Cir. 2002) (citing *Strickland*, 466 U.S. at 697)). Courts should generally address the prejudice prong first, which the court will do here. *See McAleese v. Mazurkiewicz*, 1 F.3d 159, 170 (3d Cir. 1993).

a. Summary of the Record

As background for the prejudice analysis, the evidence presented at trial against Johnson was sufficient to prove his guilt to the larger conspiracy charged in the superseding indictment (referred to as the "Alford conspiracy" based on co-defendant Eric Alford) beyond a reasonable doubt. Johnson does not deny that he regularly purchased cocaine from Hoots, but merely contends that he sometimes bought smaller amounts and that the relationship constituted a separate buyer-seller arrangement rather than being part of the large Alford conspiracy. (ECF No. 1164 at 32-33). The court thoroughly summarized that evidence in denying Johnson's motion for acquittal. (ECF No. 916). In particular, the court quoted from some of the intercepted phone calls between Hoots and Johnson that the government played for the jury and explained the legal principles governing the crime of conspiracy. The court observed that Johnson engaged in standardized, weekly purchases of 4 ½ ounces of cocaine from Hoots,

knowing that Hoots was part of a bigger operation. *Id*. at 35-36. The sales continued for at least a year; Hoots and Johnson used code words to communicate; Hoots sold cocaine to Johnson on credit; Johnson referred other purchasers to Hoots and used Hoots as his "official"[3] source of supply, such that they each had a stake in the other's success. In sum, there is no prejudice shown on this basis. Johnson's efforts to re-argue the case and his allegations that his counsel was ineffective at trial because he was convicted are not persuasive.

b. Jurisdictional Challenges

Johnson argues that counsel was ineffective in failing to have the case dismissed for lack of jurisdiction. "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. In *United States v. Godfrey*, 679 F. App'x 203, 206 (3d Cir. 2017), the court explained that jurisdiction was proper where actions alleged in the superseding indictment occurred within the geographical boundaries of the district. The superseding indictment (ECF No. 205) states in count one that defendants (including Johnson) conspired to distribute cocaine "in the Western District of Pennsylvania and elsewhere." In Johnson's direct appeal, the Third Circuit Court of Appeals stated that this district court properly exercised jurisdiction over this case pursuant to § 3231. (ECF No. 1103-1 at 2 n.1). Because Johnson's challenge to the court's jurisdiction lacks merit, he was not prejudiced by his counsel's failure to raise the issue.

Johnson argues that his counsel erred in failing to preserve a challenge to the indictment. Federal Rule of Criminal Procedure 7(c)(1) requires an indictment be a "plain, concise and definite written statement of the essential facts constituting the offense charged." The court notes

---

[3] On one occasion, Hoots informed Johnson that he would not be able to supply cocaine until Friday. Johnson responded: "I'll wait on you then fam [UI] I'll wait on you then fam cause that way I'll probably be having it official." (ECF No. 916 at 40).

that pursuant to Federal Rule of Criminal Procedure 7(f), Johnson could have moved for a bill of particulars. An indictment is sufficient if it: (1) apprises defendant of the offense charged; and (2) enables him to avoid subsequent prosecution for the same offense. *United States v. Oliver*, No. 01-3223, 2002 WL 31474532 (3d Cir. Nov. 5, 2002). The superseding indictment in this case easily met this standard. Count one of the superseding indictment specifically stated that Johnson and his codefendants conspired to distribute "five (5) kilograms or more" of cocaine and 50 grams or more of crack cocaine from 2007 to October 2008. (ECF No. 205). In addition, the government made extensive pretrial disclosures of its evidence. Because Johnson's challenge to the indictment lacks merit, he was not prejudiced by his counsel's failure to raise the issue.

c. Grand Jury

Johnson argues that his counsel was ineffective for failing to object to the extension of the grand jury. He contends that the grand jury did not meet on August 21, 2009, the date he was connected to the conspiracy (i.e., the date of the superseding indictment). Johnson reasons that if he had been charged in the original indictment, he would have had a better opportunity to challenge wiretap and *Brady* materials. Johnson asserts that the government was aware of his attempt to purchase 126 grams of cocaine through the wiretap, but waited to indict him until other parties pled guilty. (ECF No. 1203 at 6).

The court previously rejected Johnson's effort to overcome the presumption of regularity and secrecy of grand jury proceedings. (ECF No. 1158). Pursuant to Federal Rule of Criminal Procedure 12(b)(3)(v), a challenge to an error in the grand jury proceeding must generally be made in a motion before trial. Further, errors in a grand jury proceeding are generally rendered harmless by a subsequent guilty verdict by the petit jury. *Lopez v. Riley*, 865 F.2d 30, 32 (2d

Cir.1989); *United States v. Mechanik*, 475 U.S. 66, 72-73 (1986) (involving a violation of Fed. R. Crim. P. 6(d)).

In order to obtain a dismissal of charges on the grounds of pre-indictment delay pursuant to the Due Process Clause, a defendant bears the burden of proving two essential facts: (1) the government intentionally delayed bringing the indictment in order to gain some advantage over him, and (2) this intentional delay caused the defendant actual prejudice. *United States v. Ismaili*, 828 F.2d 153, 167 (3d Cir. 1987). Prosecutors have no duty to seek an indictment the moment there is probable cause to believe that an accused is guilty. "Penalizing prosecutors who defer actions until satisfied that they should prosecute and will be able to establish guilt beyond a reasonable doubt would subordinate the goal of 'orderly expedition' to that of 'mere speed.'" *Id.* (citing *Smith v. United States*, 360 U.S. 1, 10 (1959)). Johnson points to no evidence that the government delayed intentionally to obtain an advantage over him (as opposed, for example, waiting to complete its investigation and obtain sufficient evidence regarding the entire conspiracy) or that he suffered any actual prejudice due to the delay. Johnson failed to raise any factual basis to sustain his burden.

In sum, because Johnson did not raise any meritorious basis for the challenge to the grand jury, he was not prejudiced by his counsel's failure to raise the issue.

### d. Mandatory Minimum Term of Imprisonment

Johnson argues that the court erred in imposing a 20-year statutory mandatory minimum sentence, as provided in 21 U.S.C. § 841, because the "sentencing enhancement" is unconstitutional. (ECF No. 1203 at 7). Johnson argues that 18 U.S.C. § 802(44) (defining the term "felony drug offense") is unconstitutionally vague because it contains the phrase "conduct

relating to." He relies on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) (holding that the "residual clause" in the Armed Career Criminal Act was unconstitutionally vague). Johnson posits scenarios involving driving under the influence and forging a doctor's prescription.

In *United States v. Herrera*, No. 17-50074, 2018 WL 6445871, at *1 (9th Cir. Dec. 10, 2018), the court of appeals rejected the contention that the definition of "felony drug offense" in 21 U.S.C. § 802(44) is unconstitutionally vague. The court explained that the law gives a defendant a reasonable opportunity to know that his or her particular prior conviction could be the subject of an enhancement under 21 U.S.C. § 841(b)(1)(a). The court held that this issue was not governed by the Supreme Court's decision in *Johnson*. *Id.* at *2. In *United States v. Mattler*, No. 17-2072-CR, 2018 WL 4816663 (2d Cir. Oct. 4, 2018), the court similarly rejected a vagueness challenge and commented: "Whatever lack of clarity there may be about the furthest limits of the conduct covered by "relating to" the listed substances, there can be no doubt that possessing and selling cocaine lie unambiguously at the very heart of the definition." *Id*. at *2. In this case, Johnson's predicate felony drug offenses also involved the heart of the definition and subjected him to an enhanced mandatory minimum sentence under §841.

In sum, because Johnson's vagueness challenge to his mandatory minimum sentence lacks merit, he was not prejudiced by his counsel's failure to raise the issue.


e. Drug Quantity and Prosecutorial Misconduct

Johnson argues that his attorney was ineffective in failing to challenge his responsibility for 5 kilograms of cocaine. Johnson argues that he should be responsible only for the 4 ½ ounces that were applicable to his conduct. In this section of his reply brief Johnson also alleges

prosecutorial misconduct by referring to "hundreds and hundreds of drug transactions" in his closing argument and presenting allegedly perjured testimony by Hoots. (ECF No. 1203 at 10).

These arguments were considered, and rejected, by the Third Circuit Court of Appeals in Johnson's direct appeal. The court of appeals explained that the evidence was sufficient for the jury to reject Johnson's buyer-seller theory and his smaller, Johnson-Hoots conspiracy theory, and to convict Johnson of the larger conspiracy with which he was charged. (ECF No. 1103-1). The court of appeals also held that the prosecutor's closing argument did not violate Johnson's rights. This court will not revisit that analysis. The credibility of witness Hoots was primarily an issue for the jury and conclusory allegations of perjury will not suffice at the § 2255 stage. *Reynolds v. United States*, No. 3:05-CR-493, 2012 WL 12981962, at *9 (M.D. Pa. Aug. 15, 2012). Where the record does not contain any willfully perjured statements or evidence that the prosecutor solicited false testimony, defendant cannot prove that he was prejudiced by counsel's alleged failure to contest such evidence. *Id*.

Because Johnson's challenges to the drug quantity and prosecutorial misconduct lack merit, he was not prejudiced by his counsel's failure to raise those issues.

In sum, Johnson failed to show prejudice on any of these issues and therefore cannot state a claim for ineffective assistance of counsel.

### 6. Issues not addressed in Johnson's reply brief

The court scrutinized Johnson's lengthy original § 2255 motion and supporting brief, and the government's responses to the 23 issues it identified. In *Palmer v. Hendricks*, 592 F.3d 386, 395 (3d Cir. 2010), the court of appeals reiterated that "bald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing on a habeas petition." The mere fact

that this court (or the government) did not specifically address each contention raised by Johnson should not be construed as an admission that those contentions are meritorious. To the contrary, the court finds those contentions are too vague and conclusory to merit extended analysis. *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) ("We certainly agree that more than a few of Thomas's twenty-six grounds appear to be quite conclusory and too vague to warrant further investigation").

The court will briefly address some of Johnson's other arguments. Johnson's challenge to the § 851 information about a prior conviction as a basis for increased punishment was rejected by the court of appeals in his direct appeal. (ECF No. 1103-1 at 11). Because he had a full opportunity to challenge his criminal history and prior convictions in the PSI, any error did not affect his substantial rights or seriously affect the fairness, integrity, or public reputation of judicial proceedings. *United States v. Wright*, 419 F. App'x 251, 256 (3d Cir. 2011). Johnson is not "actually innocent" of career offender status under the Supreme Court's decisions in *Johnson*, 135 S. Ct. 2552, and *Mathis*, 136 S. Ct. 2243, because his career offender status was not based on the residual clause of the Armed Career Criminal Act, or burglary, but on three prior Pennsylvania convictions for possession with intent to distribute cocaine. (PSI ¶¶ 24, 28, 35, ECF No. 864). *See Glass*, 904 F.3d at 323-24; *accord United States v. Young*, No. 08-3041, 2009 WL 464472, at *6 (E.D. Pa. Feb. 24, 2009) (rejecting § 2255 challenge to 851 Information and holding that Pennsylvania conviction for possession with intent to distribute cocaine was a predicate felony drug offense); *United States v. Velez*, No. CR 06-338-02, 2017 WL 3028612, at *3 (E.D. Pa. Jan. 6, 2017). The court of appeals rejected Johnson's argument regarding suppression of wiretap evidence in his direct appeal. (ECF No. 1103-1 at 11). Johnson did not explain why counsel was ineffective in failing to call co-defendant Alford as a witness. He

failed to identify what testimony would have been elicited or how that would have led to his acquittal. The $374,000 *in personam* judgment assessed against Johnson was not specifically addressed in his direct appeal, but the appellate court did hold that Johnson's sentence was not procedurally or substantively unreasonable.  (ECF No. 1103-1 at 10).

In sum, the court concludes that Johnson did not raise any valid grounds to vacate or correct his sentence.

III. Conclusion

For the foregoing reasons, Johnson's "supplemental attachment" seeking dismissal of his case (ECF No. 1181) will be DENIED; Johnson's "objection motion" to the government's extension of time (ECF No. 1185) will be DENIED; (3) Johnson's motion to access his presentence investigation report ("PSI") (ECF No. 1209) will be GRANTED IN PART; and (4) Johnson's motion to recalculate his PSI (ECF No. 1218) will be DENIED.

After a thorough review, defendant's pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (ECF No. 1163) will be DENIED. Pursuant to 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Because Johnson did not meet this standard, a certificate of appealability will not issue.

An appropriate order follows.


January 18, 2019                    /s/ Joy Flowers Conti
                                    Joy Flowers Conti
                                    Senior United States District Court Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No.  08-374 |
| | ) | Civil No. 18-493 |
| ALONZO LAMAR JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

AND NOW, this 18th day of January, 2019, it is hereby ordered that for the reasons set forth in the memorandum opinion:  (1) Johnson's "supplemental attachment" seeking dismissal of his case (ECF No. 1181) is DENIED; (2) Johnson's "objection motion" to the government's extension of time (ECF No. 1185) is DENIED; (3) Johnson's motion to access his presentence investigation report ("PSI") (ECF No. 1209) is GRANTED IN PART, to the extent that Johnson may examine his own presentence report in accordance with Bureau of Prisons regulations, and DENIED in all other respects; (4) Johnson's motion to recalculate his PSI (ECF No. 1218) is DENIED; and (5) Johnson's motion for appointment of counsel (ECF No. 1230) is DENIED AS MOOT.

After a thorough review, defendant's pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (ECF No. 1163) is DENIED. Pursuant to 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue.  Civil Action No. 18-493 shall be closed.

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge
